IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00100-KLM

STEWART GRAFE,

Plaintiff,

v.

CSAA GENERAL INSURANCE COMPANY,

Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Opposed Motion to Amend Scheduling Order** [#35][1] (the "Motion for Extension") and on Plaintiff's **Opposed Motion to Amend Complaint** [#36] (the "Motion to Amend"). Defendant filed Responses [#37, #38] in opposition to the Motions [#35, #36], and Plaintiff filed Replies [#40, #41]. The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motions [#35, #36] are **GRANTED**.

## I. Background

This case arises from a motor vehicle collision occurring on October 24, 2017, between Plaintiff and an individual who is not a party to this lawsuit. Plaintiff's Complaint [#5] asserts one claim for relief against Defendant, Plaintiff's insurer: "determination and

_____

[1] "[#35]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

- 1 -

payment of UM/UIM benefits" under Colo. Rev. Stat. § 10—4—609.  In the present Motions [#35, #36], Plaintiff seeks leave to extend the deadline for amendment of pleadings and to file an Amended Complaint [#36-9] which adds new allegations and a bad faith claim pursuant to Colo. Rev. Stat. §§ 10—3—1115(1)(A) and 10—3—1116(1). As discussed further below, Plaintiff's request to add a bad faith claim at this particular time is closely tied to issues surrounding the deposition of Rayma Forbes ("Forbes"), Defendant's adjuster assigned to Plaintiff's UIM claim.

## II.  Analysis

The two Motions [#35, #36] are essentially related parts of the same issue, i.e., whether the Scheduling Order should be amended pursuant to Fed. R. Civ. P. 16(b)(4) to extend the deadline for amendment of pleadings, *see* [#35], to allow Plaintiff to amend the operative complaint pursuant to Fed. R. Civ. P. 15(a)(2), *see* [#36].  If both of these requests are granted, Plaintiff further asks for an extension of the discovery deadline to take the deposition of Ms. Forbes.  *See* [#35].

## A.    Motion for Extension of the Deadline for Amendment of Pleadings

The deadline for amendment of pleadings was May 29, 2021.  *See Sched. Order* [#27] § 9(a).  Plaintiff's Motion to Amend [#36] was filed on October 6, 2021, and is therefore untimely.  Thus, the Court must first determine whether good cause exists pursuant to Fed. R. Civ. P. 16(b)(4) to extend this deadline.  *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by [litigants] without peril." *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000).  Scheduling order deadlines "may be

modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b).  The decision to modify a scheduling order "is committed to the sound discretion of the trial court."  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Benton v. Avedon Eng'g, Inc.*, No. 10-cv-01899-RBJ-KLM, 2013 WL 1751886, at *1 (D. Colo. Apr. 23, 2013).

While "the [Scheduling Order] defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'"  *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).  However, the Court notes that a scheduling order plays an important role in the management of a case and should not be unnecessarily amended.  *Cf. Washington*, 197 F.R.D. at 441 (noting that a "scheduling order is an important tool necessary for the orderly preparation of a case for trial"); *Rent–a–Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) (stating that "scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed").

Diligence of the party seeking amendment of a scheduling order is typically the most important factor to consider here, but the Court makes a few other related observations prior to addressing that issue.  First, on the date Plaintiff filed the Motion to Amend [#36], trial was more than six months away.  Given that discovery had not even closed at that point, the Court cannot find that trial was imminent at the time the request was made, which weighs in favor of allowing amendment of the Scheduling Order.  Second, Plaintiff's request is opposed by Defendant, which weighs against allowing amendment of the Scheduling Order.  Third, however, although Defendant asserts prejudice in connection with the Rule 15(a) portion of its argument, it has not argued that

it will incur prejudice as a result of an extension of the deadline for amendment of pleadings under Rule 16(b)(4). *See Responses* [#37, #38]. In the absence of such argument, the Court cannot find that Defendant will incur prejudice here, which weighs in favor of permitting amendment of the Scheduling Order.

Regarding diligence, the Court must address whether the moving party was diligent in meeting his obligations within the guidelines established by the Court. Thus, the moving party must "show that [he] has been diligent in attempting to meet the deadlines, which means [he] must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted).

Here, the request for an extension of the deadline for amendment of pleadings is based on information Plaintiff knew prior to the deadline's May 29, 2021 expiration.[2] Plaintiff states that he waited to request amendment of Complaint [#5] because, although "he believed there may be facts to support a Bad Faith claim, he intended to pursue this belief further in deposition before moving to add the claim to ensure his basis was 'plausible' rather than 'conceivable.'" *Reply* [#41] at 3. Plaintiff essentially asserts that

---

[2] Plaintiff states that, "contrary to Defendant's assertions, the grounds for Plaintiff's Motion is also based on Defendant's actions during litigation," not just on pre-litigation conduct. *Reply* [#40] at 5. However, this statement is belied by a review of the Proposed Amended Complaint [#36-9], where the only new allegations (as opposed to general legal statements) clearly relate to pre-litigation events occurring in 2020.

he was trying to streamline the proceedings because otherwise the bad faith "claim would likely have faced a motion to dismiss as failing to [meet] the plausibility standard." *Id.*

Believing that Ms. Forbes had the necessary information to support his claim, Plaintiff "initiated his request for Ms. Forbes' deposition on April 23, 2021," which was more than a month before the May 29, 2021 deadline for amendment of pleadings. *Id.* at 2. However, Ms. Forbes' deposition was repeatedly delayed for a variety of reasons and was eventually set for October 7, 2021. *Id.* Despite knowing about Plaintiff's desire to depose Ms. Forbes, Defendant first objected to the deposition on September 30, 2021, on the basis that Plaintiff had not yet asserted a bad faith claim in the operative complaint.[3] *Id.*

The Court cannot find on this record that Plaintiff was not being diligent such that the Motion for Extension [#35] should be denied. Plaintiff has provided an adequate explanation for his delay, i.e., the desire to streamline this litigation and to obtain the deposition of Ms. Forbes before seeking to amend his complaint. *See Strope*, 315 F. App'x at 61. Plaintiff could have, and probably should have, taken certain other actions to preserve his rights, namely by asking for an extension of the deadline for amendment of pleadings *prior to the deadline's expiration* on May 29, 2021. However, despite this, the record does not demonstrate carelessness, but, rather, (perhaps misguided) litigation

---

[3] Defendant "points out that . . . Plaintiff would not be prohibited from deposing Ms. Forbes in this matter [regarding his] claim pursuant to C.R.S. § 10-4-609 . . . ." *Response* [#37] at 6. Nevertheless, this assertion is belied by the correspondence between Plaintiff's counsel and Defendant's counsel stemming from the September 30, 2021 e-mail exchange, where Defendant not only objects to the deposition of Ms. Forbes on the basis that Plaintiff had not asserted a bad faith claim in his Complaint [#5], but also on the basis that Ms. Forbes "would have no information in regards to [the] breach claim," the only claim asserted in the Complaint [#5]. *See E-mail String* [#36-8] at 3.

strategy and at least some delays outside of Plaintiff's control with respect to obtaining a date for Ms. Forbes' deposition.  *See Colo. Visionary Acad.*, 194 F.R.D. at 687.

Accordingly, the Motion for Extension [#35] is **granted in part** to the extent that the deadline for amendment of pleadings is extended to the date of this Order.  The Court addresses the portion of the Motion for Extension [#35] seeking an extension of the discovery cut-off after adjudicating the Motion to Amend [#36] below.

**B.      Motion to Amend the Complaint**

The Court has discretion to grant a party leave to amend its pleadings pursuant to Rule 15(a).  *See Foman v. Davis*, 371 U.S. 178, 182 (1962);  Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Foman*, 371 U.S. at 182.

Pursuant to Rule 15(a)(2), the Court considers any arguments raised by Defendant related to whether justice would be served by the amendment.  Here, Defendant argues that leave to amend should not be granted because Plaintiff unduly delayed in seeking the amendment and because Defendant would incur undue prejudice if the amendment were allowed.  *Response* [#37] at 9-11.

Delay is "undue" only if it will place an unwarranted burden on the Court or become prejudicial to the opposing party.  *Minter*, 451 F.3d at 1205.  The Tenth Circuit "focuses primarily on the reason for the delay."  *Id.*  A motion to amend is untimely if, among other

reasons, the moving party has made the complaint a "moving target," is trying to "salvage a lost case by untimely suggesting new theories of recovery," is trying to present more theories to avoid dismissal, or is knowingly waiting until the eve of trial to assert new claims. *Id.* at 1206 (citations omitted).  Other common reasons for finding undue delay include lack of adequate explanation for the delay or when a moving party knows or should have known of the facts in the proposed amendment but did not include them in the original complaint or any prior attempts to amend. *Id.* (citations omitted).

Here, Defendant provides no additional argument regarding delay and explicitly relies on its Rule 16(b) argument here, which the Court has rejected above.  Nothing in the Rule 15(a) framework changes the Court's conclusion that undue delay did not occur here.  Defendant is correct that the Court may deny leave to amend if the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023,1027 (10th Cir. 1994).  However, this argument ignores the fact that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). The Court finds that, on the record before it, Plaintiff's request to amend the Complaint [#5] should not be denied on the basis of undue delay.

Prejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend. *Minter*, 451 F.3d at 1207.  Here, Defendant argues:

> Furthermore, this late amendment would unduly prejudice [Defendant] and drastically change the complexion of the case.  Expert disclosures in this matter have already occurred and discovery is closed.  The Final Pretrial Conference is set to occur on April 13, 2022.  Plaintiff has already been

deposed and there was no discussion of matters that would be relevant to claims for bad faith because those claims were not asserted at the time.  If Plaintiff is allowed to amend his Complaint then [Defendant] will either have to defend against those claims without having had the opportunity to conduct discovery into them, or additional discovery, including re-opening Plaintiff's deposition, will need to occur, resulting in additional expenses that could have been avoided if the Plaintiff had timely amended his Complaint. Furthermore, [Defendant] did not retain an expert in bad faith or insurance industry standards because no bad faith claims were asserted.  Once again, [Defendant] would be in the position of having to defend against bad faith claims without having had the opportunity to retain an expert.

*Response* [#37] at 10-11 (internal citations omitted).

Defendant is correct that, to the extent there is prejudice based on the timing of the Motion to Amend [#36], that prejudice was caused, in part, by Plaintiff's tactical decisions, even if those tactical decisions were, in part, initially caused by a desire to keep these proceedings streamlined.  As a general matter, the Court appreciates such efforts. However, many of the issues underlying the timing of the Motion to Amend [#36] could have been avoided if Defendant had raised its objections to the deposition of Ms. Forbes soon after Plaintiff's original April 23, 2021 request to depose her rather than on September 30, 2021, seven days before she was to be deposed and fifteen days before the discovery cut-off.  As far as the Court is aware, the primary reason why Defendant objected to the deposition of Ms. Forbes was that Plaintiff had not made a bad faith claim in his Complaint [#5].  There was no change in the case on that basis between April 2021 and September 2021.  Perhaps Defendant's decision to wait so long to object was tactical, or perhaps it was mere oversight.  Regardless, at least part of the delay and part of the reason for any prejudice was caused, inadvertently or otherwise, by Defendant as well. Given these considerations, the Court cannot find that Defendant will be unduly

prejudiced by allowing amendment of the Complaint [#5].  Any prejudice which Defendant incurs can be cured by reopening discovery.

Accordingly, the Motion to Amend [#36] is **GRANTED**.

**C.     Motion for Extension of the Discovery Deadline**

Having found that the Motion to Amend [#36] should be granted, the Court returns to the Motion for Extension [#35] to the extent that motion asks for an extension of the discovery cut-off for purposes of taking the deposition of Ms. Forbes (as requested by Plaintiff) and other discovery related to the bad faith claim (as requested by Defendant). Given the timing of these Motions [#35, #36] at the end of the discovery period, the time required to brief the Motions, and the time required for the Motions to rise to the top of the Court's list for adjudication, the Court is aware that an extension of the discovery cut-off will very likely require a continuation of the five-day Jury Trial set for April 25-29, 2022. It is unclear from the briefs, however, precisely how much additional time will be needed for discovery.  Given that Court is holding a discovery hearing on March 10, 2022, at 2:00 p.m. on an unrelated issue, the Court will discuss the length of the extension of the discovery cut-off, as well as the need to reset trial, at that time with counsel.

Accordingly, the Motion for Extension [#35] is **granted** to the extent that the discovery cut-off will be extended.  The precise date will be set during the March 10, 2022 hearing.

### III.  Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion for Extension [#35] is **GRANTED**.  The deadline for amendment of pleadings is extended to the date of this Order.  The discovery cut-off is extended to a date to be determined at the March 10, 2022 hearing.

IT IS FURTHER **ORDERED** that the Motion to Amend [#36] is **GRANTED**.  The Clerk of Court shall accept Plaintiff's Amended Complaint [#36-9] for filing as of the date of this Order.

Dated: March 9, 2022

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge